**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICKEY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1881** |
| **CRIS ERNY, GARY WILLIAMS, JR., GRAYLAND WALLIS** | **SECTION "G"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.      Factual and Procedural Background

The plaintiff, Rickey Smith ("Smith"), is a convicted inmate housed in the Terrebonne Parish Criminal Justice Complex.[1]  Smith filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Terrebonne Parish Assistant District Attorneys Cris Erny and Gary Williams, Jr., and his appointed attorney, Grayland Wallis.[2]

Smith alleges that there was insufficient evidence to prove his guilt at trial for an undisclosed criminal charge.[3]  Smith complains that prosecutorial misconduct occurred when

---

[1] Rec. Doc. No. 1, pp. 3, 5.  Smith indicates that he was convicted on January 6 or January 9, 2020.

[2] Smith identifies "Cris Erny" as a defendant in the caption and "Chris Erny" in the body of the complaint. Smith also identifies defendant "Grayland Wallis" in the caption and refers to him as "Grayland Wallias" and "Mr. Wallace" in the complaint.  The spelling in the caption has been used as the record spelling of the defendants' names.

[3] The Court's research indicates that Smith was arrested by the Houma Police on April 28, 2019, for resisting an officer, possession of drug paraphernalia, possession of heroin, possession of less than 28 grams of methamphetamine, obstruction of justice, and possession with intent to distribute heroin. https://www.houmatoday.com/news/20190429/police-report-april-27-28-2019.  A later report dated June 12, 2019, reflects that Smith was also arrested by Houma Police that day for simple burglary, drug paraphernalia, obstruction of justice, possession of meth less than 28 grams, possession of heroin, possession with intent to distribute meth, resisting

Assistant District Attorney Williams paused a video of Smith's statement to police and told the jury that Smith made an inculpatory statement.  Smith claims that Williams gave a false version of what was said and did not let the jury hear the audio from the videotape.  Smith also alleges that, near the end of trial, Assistant District Attorney Erny interrogated and threatened an African American juror, Aviahn Dumos, who believed Smith was innocent.  He claims that Erny's intimidation caused Dumos to change her verdict to guilty.  Smith also asserts that his attorney, defendant Wallis, did not object to the prosecutor's misconduct.

As relief, Smith seeks to have his sentence overturned. He also requests monetary compensation for "the time and assets" he lost during the fifteen months he has been in jail.  He also complains that the court proceedings took a toll on his health and caused him to have anxiety and high blood pressure.  As such, he seeks compensation for future psychiatric care and damages for past, present, and future anxiety, distress and depression.  He also seeks compensation for the pain, suffering, and losses of his mother and three children, especially with the death of his sister.

## II.    Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

---

an officer.  https://www.dailycomet.com/news/20190613/police-report-june-12-2019.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    The *Heck* Doctrine

Smith seeks to have the Court overturn his sentence and compensate him for alleged trial errors which led to his conviction and for the mental and physical impact resulting from his incarceration. When a § 1983 plaintiff asserts claims challenging his criminal conviction and imprisonment, the Court must consider the Supreme Court's doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, which bar review of such claims:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity

3

of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*., 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

In *Heck*, the Supreme Court held that claims, like those asserted by Smith, under § 1983 are barred when success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or the plaintiff's present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks for monetary damages related to convictions that are still outstanding. *Id*. at 484-85. Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Fifth Circuit Court of Appeals has applied *Heck* in cases in which the plaintiff also seeks injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Smith's § 1983 claims are the kind to be dismissed pursuant to *Heck* and its progeny because the claims necessarily impugn the validity of his current detention and conviction. *Heck*, 512 U.S. at 479; *Arnold v. Town of Slaughter*, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine, the Court must address dismissal of improperly named and immune defendants. *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd*, 31 F.3d at 284 (immunity must be considered as a threshold matter prior to applying *Heck*). In this case, Smith has named defendants who are improper parties or immune from suit and against whom § 1983 liability will not stand.

4

Thus, the claims against the defendants must be dismissed as a threshold matter aside from the application of the *Heck* doctrine.

## B.       Improper Defendant

Smith named his appointed attorney, Grayland Wallis, as a defendant asserting that Wallis failed to object to the prosecutorial misconduct of defendant Erny.  However, § 1983 grants the right of redress only to one whose constitutional rights are violated by a person acting under color of state law.  *See* 42 U.S.C. § 1983.  Under § 1983, Smith must prove not only that there was a constitutional violation (in this case, ineffective assistance of counsel), but also that Wallis was acting under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).  "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

It is well established, however, that private attorneys, even public defenders appointed by the courts, are *not* state actors.  *Mills v. Criminal District Court # 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.");  *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993);  *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996).  An appointed attorney like Wallis is not a state actor for purposes of § 1983, unless it is shown that he conspired jointly with the State or one of its agents.  *Metcalfe*, 8 F.3d. at 216-17; *Mills*, 837 F.2d at 679; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).  In this case, Smith has not alleged that Wallis was involved in any joint action with the State or with a state actor.  Rather, Smith simply alleges that Wallis failed to object

to prosecutorial errors during his criminal trial. Thus, even under the broadest reading of the complaint, Smith has not alleged facts sufficient to render Wallis amenable to suit as a state actor under § 1983. *Pete*, 8 F.3d at 217 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

### C. **Prosecutorial Immunity**

Smith also named as defendants two Assistant District Attorneys, Gary Williams, Jr., and Cris Erny, alleging that they engaged in violations of his constitutional rights through prosecutorial misconduct during his criminal trial. These defendants, however, are immune from suit arising from their roles as prosecutors in Smith's state criminal proceedings.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). To determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to a particular official's functions, not to the particular office he or she holds. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Smith's claims against Williams and Erny are intimately associated with the prosecution of the criminal charges against Smith and the criminal court process. He specifically challenges the defendants' presentation of evidence and actions during trial in the state court. The defendants clearly are entitled to absolute immunity from suit for their roles in bringing and prosecuting the charges against Smith. The claims against these defendants must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

### D. Request that Sentence be Overturned

As part of his relief, Smith requests that this court overturn his sentence, or ultimately the conviction. This request is within the ambit of a federal court's habeas corpus review. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). However, a § 1983 civil rights proceeding is not the appropriate action to pursue habeas corpus relief. *Id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hernandez v. Livingston*, 495 F. App'x 414, 417 (5th Cir. 2012); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Smith should pursue any such habeas corpus relief in a properly filed state or federal post-conviction proceeding, if appropriate. This request for relief is frivolous since it cannot be granted in this § 1983 proceeding. *See* 28 U.S.C. § 1915, § 1915A.

## IV. Recommendation

It is therefore **RECOMMENDED** that Rickey Smith's § 1983 claims against the defendants, Cris Erny, Gary Williams, Jr., and Grayland Wallis, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous, for seeking relief against an immune defendant, and/or otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this ___19th___ day of October, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.